DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER C. MATHIS,**
Appellant,

v.

**CHARLES JASON MATHIS,**
Appellee.

No. 4D2025-2986

[July 29, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Leatha Dawn Mullins, Judge; L.T. Case No. 472023DR000197DRAXMX.

Christopher L. Scammell, Stuart, for appellant.

Charles Jason Mathis, Okeechobee, pro se.

SHAW, J.

This appeal follows a final judgment of dissolution of marriage. The wife raises several arguments, including that the circuit court erred by using an unsupported income figure in calculating child support.[1] For the reasons discussed more fully below, we reverse and remand for further proceedings regarding the child support calculation. We otherwise affirm without comment.

---

[1] In his answer brief, the husband cites two cases which do not exist. As we recently explained:

> Such phantom authority cannot assist any litigant and must be expressly disregarded by this court. Attorneys and those, like appellee, who proceed pro se are responsible for the content of their submissions to the court. Those who use artificial intelligence to assist in these submissions must ensure their accuracy.

*Friend v. Serpa*, 425 So. 3d 51, 51 (Fla. 4th DCA 2025).

## I. BACKGROUND

At trial, the wife testified that she earned $55 per hour, worked approximately twenty hours per week, and earned approximately $2,200 to $2,500 biweekly. Although an earlier financial affidavit reflected a forty-hour work week, the wife testified that information was no longer accurate. The wife's updated financial affidavit, admitted at trial, reflected a gross monthly income of $4,960.83.

In the supplemental final judgment, the circuit court found that both parties were adequately employed and declined to impute income to either party. Nevertheless, the circuit court used an annual gross income of $111,526.00 for the wife and ordered that neither party pay child support.

## II. LEGAL STANDARD

"The standard of review for a child support award is abuse of discretion." *Henry v. Henry*, 191 So. 3d 995, 997 (Fla. 4th DCA 2016) (quoting *McKenna v. McKenna*, 31 So. 3d 890, 891 (Fla. 4th DCA 2010)).

## III. DISCUSSION

A trial court may impute income only if competent, substantial evidence establishes that a party is earning less than he or she could through "best efforts." *Koscher v. Koscher*, 201 So. 3d 736, 740 (Fla. 4th DCA 2016) (quoting *Heard v. Perales*, 189 So. 3d 834, 836 (Fla. 4th DCA 2015); and *Freilich v. Freilich*, 897 So. 2d 537, 540 (Fla. 5th DCA 2005)).

The party seeking to impute income bears the burden of proving that the underemployed spouse is employable and that appropriate jobs are available. *Durand v. Durand*, 16 So. 3d 982, 985 (Fla. 4th DCA 2009) (citation omitted). If that burden is met, then "the trial court must set forth factual findings as to the probable and potential earnings level, source of imputed and actual income, and adjustments to income." *Schram v. Schram*, 932 So. 2d 245, 249 (Fla. 4th DCA 2005). The trial court "may only impute a level of income supported by the evidence of employment potential and probable earnings based on history, qualifications, and prevailing wages." *Id.* at 250. The absence of findings requisite to support imputation requires reversal where a child support award is based upon an imputed income. *See id.* at 249.

Here, a large discrepancy existed between the income established by the wife at trial and the income included in the supplemental final judgment. Based upon the figures to which the wife testified at trial, the

2

wife's gross annual earnings were approximately $57,200.  Her updated financial affidavit reflected an annual income of approximately $59,529.96.  Despite this evidence, in the supplemental final judgment's section determining child support, the circuit court utilized an annual gross income of $111,516 for the wife.  The circuit court did not explain how it arrived at that figure, nor identify any specific evidence supporting that figure.

If the circuit court relied on the wife's prior forty-hour work week or earning capacity to reach that much-higher annual income, then the circuit court effectively imputed income and was required to make the findings mandated by section 61.30(2)(b), Florida Statutes (2025).  *See Schram*, 932 So. 2d at 249.  However, the circuit court made no such findings, and instead expressly found that it was not imputing an annual income to either party.  Accordingly, the child support calculation is unsupported by competent, substantial evidence and cannot be reconciled with either the evidence presented at trial or the circuit court's own findings.  *See Koscher,* 201 So. 3d at 740 (noting the imputation of income to a former spouse must be supported by competent, substantial evidence).

The supplemental final judgment does not reveal whether the circuit court relied upon current income, prior income, earning capacity, or some other calculation in determining the wife's annual income.  The absence of any explanation for the former wife's income determination prevents meaningful review.  *See Nationstar Mortg., LLC v. Cullin*, 259 So. 3d 276, 276 (Fla. 4th DCA 2018) ("Because the trial court failed to state the basis for its decision and to make any factual findings on the record or in its final judgment, we are unable to conduct a meaningful appellate review.").

Finally, any error in the determination of the wife's income cannot be deemed harmless, as the income assigned to the wife directly affected the parties' child-support obligations.

## IV. CONCLUSION

Because the supplemental final judgment does not identify the evidentiary basis for the wife's income, meaningful appellate review is impossible, and the resulting child support award is unsupported by competent, substantial evidence.

We therefore reverse and remand for the circuit court to determine the wife's income and to recalculate child support in light of that determination.  We affirm all other issues.

*Affirmed in part, reversed in part and remanded.*

GERBER and FORST, JJ., concur.

\*      \*      \*

**Not final until disposition of timely-filed motion for rehearing.**